**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**THOMAS P. KELLER**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHAWN LAMONT ALEXANDER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1109-CR-424 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jerome Frese, Judge
Cause No. 71D03-1011-FA-43

**June 19, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Shawn Alexander appeals his sentence for two counts of Class A felony attempted murder and two counts of Class C felony attempted robbery. We affirm.

**Issues**

Alexander raises two issues, which we restate as:

I.      whether the trial court abused its discretion in sentencing him; and

II.     whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.[1]

**Facts**

On November 6, 2010, Alexander and an accomplice encountered two young men in a McDonald's restaurant on South Michigan Street in South Bend. Alexander and his accomplice had an argument with these men, became agitated, and left the restaurant.

Alexander and his accomplice met the men again later in the night and forced them into an abandoned building. Alexander and his accomplice searched the two men's pockets with the intention of taking any property that they found. Alexander found a knife in one of the men's pockets. The two men were instructed to kneel. Then, standing behind them, Alexander sliced their throats with the intention of killing them.

---

[1] Alexander applied an incorrect standard of "manifest abuse of discretion," but for the sake of argument, we will apply the correct standard of inappropriateness. Indiana Appellate Rule 7(B) was amended effective January 1, 2003, to replace the "manifestly unreasonable" standard with the current "inappropriate" standard.

On November 9, 2010, the State charged Alexander with two counts of Class A felony attempted murder and two counts of Class A felony attempted robbery. On June 16, 2011, Alexander pled guilty to two counts of Class A felony attempted murder and two lesser included counts of Class C felony attempted robbery.

At the sentencing hearing on August 24, 2011, the trial court found as aggravating circumstances: Alexander's pretrial release at the time of the instant offenses, the nature of the offense, and Alexander's criminal history. The trial court found as mitigating circumstances Alexander's age, his troubled childhood, and his guilty plea. Upon weighing these factors, the trial court found that the circumstances justified enhanced sentences and that all sentences should be served consecutively. Alexander was sentenced to fifty years for each count of Class A felony attempted murder and eight years for each count of Class C felony attempted robbery. All counts were to be served consecutively for an aggregate sentence of 116 years. Of that total, thirty-two years were suspended to probation. Alexander now appeals.

**Analysis**

We engage in a four-step process when evaluating a sentence under the current "advisory" sentencing scheme. Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218. First, the trial court must issue a sentencing statement that includes "reasonably detailed reasons or circumstances for imposing a particular sentence." Id. Second, the reasons or omission of reasons given for choosing a sentence are reviewable on appeal for an abuse of discretion. Id. Third, the weight given to those

reasons, i.e. to particular aggravators or mitigators, is not subject to appellate review. Id. Fourth, the merits of a particular sentence are reviewable on appeal for appropriateness under Indiana Appellate Rule 7(B). Id. Even if a trial court abuses its discretion by not issuing a reasonably detailed sentencing statement or in its findings or non-findings of aggravators and mitigators, we may choose to review the appropriateness of a sentence under Rule 7(B) instead of remanding to the trial court. See Windhorst v. State, 868 N.E.2d 504, 507 (Ind. 2007).

### I. Abuse of Discretion

Alexander argues that the trial court abused its discretion by ordering his sentences to be served consecutively. Sentencing decisions are within the sound discretion of the trial court. Anglemyer, 808 N.E.2d at 491. However, a trial court may be found to have abused its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that explains reasons for imposing a sentence that the record does not support; (3) entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; or (4) entering a sentencing statement that considers reasons that are improper as a matter of law. Id. at 490-91. The reasons or omission of reasons given for choosing a sentence are reviewable. Id. The weight given to those reasons is not subject to appellate review. Id.

A trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. Rascoe v. State, 736 N.E.2d 246, 249 (Ind. 2000). A claim that

the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. Anglemyer, 868 N.E.2d at 493.

The trial court adequately acknowledged and extensively reviewed the information relating to Alexander's age and the troubles he experienced as a young child. The trial court found that Alexander had not gotten a "fair shake" and showed great sympathy for Alexander's troubled childhood. Tr. p. 46. The trial court stated that it spent an "awful lot" of time thinking about Alexander and his situation as a child. Id. Alexander's mother testified at sentencing, and the trial court again showed great sympathy for Alexander's circumstances.

The trial court was aware of Alexander's decision to enter into an open plea before the court, but Alexander also substantially benefitted from his decision to plead open to the court. A decision to plead guilty may weigh in a defendant's favor when ascertaining mitigating factors, but this weight is diminished when the defendant gains a substantial benefit from the plea. Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). Alexander was facing the possibility of new charges against him at the time of the sentencing. The State proposed a delay on the filing of these charges in exchange for Alexander's open plea. Alexander benefited substantially from the delay of these charges and the possibility of only serving sentences for previously convicted offenses and the instant offense.

5

The trial court adequately found and stated Alexander's aggravating and mitigating factors as evidenced by the record. The weight assigned to these factors is not reviewable. The trial court showed no abuse of discretion in determining these factors or imposing consecutive sentences.

## II. *Appropriateness*

Alexander argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Although Rule 7(B) does not require us to be extremely deferential to the trial court, we still must give due consideration to that sentence. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also recognize the unique perspective that the trial court provides in delivering its sentence. Id.

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell, 895 N.E.2d at 1225. We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage

6

done to others, and myriad other factors that come to light in a given case. Id. at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

The nature of this offense is particularly shocking and heinous. Alexander and his accomplice coerced two young men into an abandoned building. Alexander then forced the men to kneel on the ground before slitting their throats with the intention of killing them. The trial court focused on Alexander's active role in the use of the knife. Alexander escalated the violence of the situation, and his accomplice had no contact with the knife.

As for the character of the offender, Alexander has shown repeatedly that he is prone to violence. Alexander was sixteen years old at the time of the instant offense, but Alexander had been arrested three times prior for Class A misdemeanor battery. His first arrest for battery came when he was only ten years old. Alexander also has an extensive juvenile criminal history and first entered the custody of the Department of Correction when he was twelve. At the time of the instant offense, Alexander was on pretrial release for Class B felony robbery. Despite Alexander's youth, his character is very troubling.

We note that the trial court requested that Alexander receive mental health treatment and counseling while incarcerated to address any mental health issues he may have. Also, the trial court suspended thirty-two years of Alexander's sentence, making

the executed portion of his sentence only eighty-four years.  In light of the nature of the offense and Alexander's character, we cannot say that the sentence is inappropriate.

## Conclusion

The trial court did not abuse its discretion when sentencing Alexander and the sentence is not inappropriate in light of the nature of the offenses and the character of the offender.  We affirm.

Affirmed.

FRIEDLANDER, J., and MAY, J., concur.