Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 30 2012, 9:25 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD R. SHULER**
Barkes, Kolbus & Rife, LLP
Goshen, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ERICH WILHELMI, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 43A05-1204-CR-214 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE KOSCIUSKO SUPERIOR COURT
The Honorable Joe V. Sutton, Judge
Cause No. 43D03-1106-FD-310

**November 30, 2012**

**OPINION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Erich Wilhelmi ("Wilhelmi") pleaded guilty in Kosciusko Superior Court to Class D felony failure to return to the scene of an accident resulting in serious bodily injury. He was ordered to serve three years with two years executed in the Department of Correction and one year of formal probation. Wilhelmi appeals his sentence arguing that 1) the trial court abused its discretion in its consideration of the aggravating and mitigating circumstances, and 2) his three year sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm the trial court in all respects.

### Facts and Procedural History

On or about April 9, 2011, Wilhelmi was driving a vehicle northbound on State Road 13 in Kosciusko County at a rate of speed of approximately ninety miles per hour when the vehicle spun and crashed into a telephone pole. Wilhelmi and front seat passenger Karissa Auer ("Auer") were injured but able to exit the vehicle. Back seat passenger Zachary Baugher ("Baugher") was seriously injured and trapped inside the vehicle. He suffered a broken leg, broken pelvis, broken collarbone, a liver injury, and a traumatic brain injury.

Wilhelmi and Auer left the scene of the accident and arrived at a nearby residence owned by Ron Crosby. Auer called her mother and asked her mother to pick her up at Crosby's residence. Crosby, who was unaware that they had been involved in an accident, took Wilhelmi home at Wilhelmi's request. When they drove past the scene of the accident on the way to Wilhelmi's home, Crosby's vehicle was stopped by a law enforcement officer. After speaking to the officer, Crosby was allowed to continue to

Wilhelmi's residence. Wilhelmi did not indicate to either Crosby or the law enforcement officer that he had been involved in the accident

Wilhelmi eventually went to Kosciusko Community Hospital to seek treatment for injuries he sustained in the accident. The hospital called the police and Wilhelmi admitted that he was the driver of the vehicle. Wilhelmi did not have automobile insurance on the date of the accident.

On March 1, 2012, Wilhelmi pleaded guilty without a written plea agreement to Class D felony failure to return to the scene of an accident resulting in serious bodily injury. A sentencing hearing was held on April 9, 2012. At the hearing, Baugher and his mother testified concerning his injuries and resulting disability. As a result of the accident, Baugher was in a coma for two weeks, underwent significant surgery, physical therapy and was placed in a rehabilitation center for approximately three months after the accident. Baugher now suffers from seizures and has not yet been medically released to work. His personality has changed, and it is difficult for him to maintain relationships, including his relationship with his fiancée. He requires daily assistance from his family and cannot live independently.

Wilhelmi never apologized to Baugher and classified what happened as a simple accident despite evidence that he was driving the vehicle at high rates of speed and was asked to slow down by both Baugher and Auer. Further, Wilhelmi testified that the "accident" has changed many things in his life as well and that he was "going through just as much [as Baugher], as far as losing things[.]" Tr. p. 97.

In imposing sentence, the trial court considered Wihelmi's criminal history, the fact that he violated the conditions of a diversion agreement in a separate cause by committing the offense at issue, and the fact that he demonstrated callous disregard for the safety of his passengers prior to the accident. The court concluded that Wilhelmi's guilty plea and the fact that incarceration would be a hardship on his dependents were the sole mitigating circumstances meriting consideration. Wilhelmi was then ordered to serve a three-year sentence, with two years executed in the Department of Correction and one year served in formal probation. Wilhelmi now appeals.

**Discussion and Decision**

Wilhelmi argues that the trial court abused its discretion in its consideration of the aggravating and mitigating circumstances and that his three-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

A. *Aggravating and Mitigating Circumstances*

Sentencing decisions rest within the sound discretion of the trial court. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. Id. An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. Id.

A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a

4

sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. Id. at 490–91. Because a trial court no longer has any obligation to weigh aggravating and mitigating factors against each other when imposing a sentence, it cannot now be said to have abused its discretion in failing to properly weigh such factors. Id. at 491.

Wilhelmi contends that the trial court should not have considered the violation of the terms of pretrial diversion agreement as an aggravating circumstance. Wilhelmi was charged with driving while suspended in 2008 and entered into a pretrial diversion agreement on May 10, 2010. The offense in this cause was committed on April 9, 2011, but charges were not filed until June 2, 2011. In between those two dates, the driving while suspended charge was dismissed pursuant to the terms of the pretrial diversion agreement.

Wilhelmi argues that the trial court should not have considered this aggravating circumstance because the State did not charge him with failure to return to an accident resulting in serious bodily injury until after his driving while suspended charge was dismissed. We disagree. Wilhelmi committed the instant offense before completing the terms of the pretrial diversion agreement, and therefore, the trial court did not abuse its discretion when it considered this aggravating circumstance.

Wilhelmi also argues that the trial court abused its discretion by failing to consider his low risk to reoffend as a mitigating circumstance. A trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. Rascoe v. State, 736 N.E.2d 246, 249 (Ind. 2000). A claim that the trial court failed to find a

mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. Anglemyer, 868 N.E.2d at 493.

Wilhelmi advanced this mitigating circumstance because his score on the Indiana Risk Assessment System Community Supervision Screening Tool put him "in the low risk category to reoffend[.]" Appellant's App. Vol. II p. 149. However, given Wilhelmi's criminal history, including the driving while suspended charge that was still pending at the time of the accident and his accumulation of twenty-one traffic infractions, we conclude that the trial court did not abuse its discretion when it refused to consider this proposed mitigating circumstance.

B. *Inappropriate Sentence*

Our rules authorize revision of a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "[A] defendant must persuade the appellate court that his or her sentence has met this inappropriateness standard of review." Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. Id. at 1224. When reviewing the appropriateness of a sentence under Rule

7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence is suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

The trial court ordered Wilhelmi to serve the statutory maximum three-year sentence for a Class D felony. See Ind. Code § 35-50-2-7. However, he was only ordered to serve two years executed in the Department of Correction.

Wilhelmi caused the accident at issue in this case by driving the vehicle at speeds that exceeded ninety miles per hour despite requests from his passengers to slow down. His reckless driving, and as the trial court noted, callous disregard for the safety of his passengers, caused the accident that injured both passengers. Despite the obvious injuries to Baugher, and the fact that he was trapped inside the vehicle, Wilhelmi left the scene of the accident. He did not report the accident and failed to return to the scene of the accident. Wilhelmi did not even advise an investigating police officer that he was the driver of the vehicle when he had the opportunity to do so while his "good friend" was seriously injured and trapped inside the vehicle. Under these facts and circumstances we are frankly appalled by Wilhelmi's claim that there was "nothing particularly outrageous" about his conduct that "is above and beyond what is generally necessary to establish this offense[.]" Appellant's Br. at 14.

Wilhelmi's character also supports the trial court's decision to impose a three-year sentence. Wilhelmi's criminal history, while consisting of minor offenses including misdemeanor battery and public intoxication, includes a dismissal for driving while suspended as the result of a pretrial division agreement, a charge that was pending at the

7

time of the accident. Furthermore, Wilhelmi's accumulation of twenty-one traffic infractions demonstrates his repeated, negligent operation of a vehicle, a course of conduct which has now sadly escalated to commission of a Class D felony offense. Wilhelmi never apologized to Baugher for causing his life-altering injuries. And at the sentencing hearing, Wilhelmi selfishly and callously focused on the problems in his own life caused by his criminal behavior.

For all of these reasons, we conclude that Wilhelmi's three-year sentence, with one year suspended to formal probation is not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

VAIDIK, J., and BARNES, J., concur.