**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KIMBERLY A. JACKSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRANDAN L. MARTIN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 52A02-1311-CR-966 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MIAMI SUPERIOR COURT
The Honorable Daniel C. Banina, Judge
Cause No. 52D02-1302-FC-26

**May 21, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Brandan Martin appeals his four-year sentence for Class D felony possession of marijuana and Class A misdemeanor battery. We affirm.

**Issues**

Martin raises two issues, which we restate as:

I.      whether the trial court abused its discretion when it sentenced him; and

II.     whether his sentence is inappropriate.

**Facts**

On February 5, 2013, Martin went to L.N.'s apartment in Peru, and they argued. Martin pushed L.N., who was pregnant, resulting in bodily injury to her. After Martin's arrest, he was searched at the jail, and officers located marijuana in his pocket. Ultimately, the State charged Martin with Class C felony battery resulting in bodily injury to a pregnant woman, Class D felony possession of marijuana, and Class D felony residential entry. Martin pled guilty to Class D felony possession of marijuana and Class A misdemeanor battery, and the State dismissed the remaining charges. Sentencing was left to the trial court's discretion.

At the sentencing hearing, the trial court found Martin's guilty plea to be a mitigating factor. However, the trial court found Martin's criminal history to be an "overwhelming" aggravator. Tr. p. 53. The trial court sentenced Martin to one year on the misdemeanor conviction consecutive to a three-year sentence on the Class D felony conviction, for an aggregate sentence of four years. Martin now appeals.

2

## Analysis

### I. *Abuse of Discretion*

Martin argues that the trial court abused its discretion when it sentenced him. Sentencing decisions are within the sound discretion of the trial court. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218. However, a trial court may be found to have abused its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that explains reasons for imposing a sentence where the record does not support the reasons; (3) entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; and (4) entering a sentencing statement in which the reasons given are improper as a matter of law. Id. at 490-91. The reasons or omission of reasons given for choosing a sentence are reviewable on appeal for an abuse of discretion. Id. The weight given to those reasons, i.e. to particular aggravators or mitigators, is not subject to appellate review. Id.

According to Martin, the record does not support the trial court's sentencing statement. At the sentencing hearing, Martin testified that, while incarcerated in the jail, he had been participating in drug and alcohol treatment through the Four County Counseling Center.[1] His attorney stated that Martin was likely to serve his sentence in the county jail and that he would not have substance abuse treatment available to him

---

[1] In the presentence investigation report, Martin described the treatment at Four County Counseling Center as anger management.

3

other than the Four County program. During the sentencing statement, the trial court stated:

> Brandan the things you are doing at Four County you can continue to do while you are in the Department of Correction. Uh, again actions speak louder than words. If you are truly committed to being a better person, uh, now's the time to do it. You can do it within the DOC. You can do it in the Miami County Jail.

Tr. p. 54. On appeal, Martin argues that he is still incarcerated in the jail, not the Department of Correction, and that "the trial court was incorrect in finding that Martin could continue in IDOC the substance abuse program which the trial court appeared to agree was important to Martin's rehabilitation." Appellant's Br. p. 9.

Martin misinterprets the trial court's statement. The trial court merely stated that, whether Martin was in the jail or the DOC, he could continue with his treatment and continue improving himself. Even his attorney implied that the Four County program would still be available to Martin at the county jail, and there is no evidence in the record that the program is unavailable to Martin. The trial court did not abuse its discretion in making its sentencing statement.

Martin also argues that the trial court overlooked his employment as a mitigator. Martin testified that his former employer had a job for him after he got out of jail. A trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. Rascoe v. State, 736 N.E.2d 246, 249 (Ind. 2000). A claim that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. Anglemyer,

4

868 N.E.2d at 493. We have held that "[m]any people are gainfully employed such that this would not require the trial court to note it as a mitigating factor . . . ." Newsome v. State, 797 N.E.2d 293, 301 (Ind. Ct. App. 2003), trans. denied. We cannot say that Martin's proposed employment is a significant mitigator that the trial court overlooked. The trial court did not abuse its discretion when it did not determine Martin's employment was a mitigator.

## II. Inappropriateness

Martin argues that his four-year sentence is inappropriate in light of the nature of the offenses and the character of the offender. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. When considering whether a sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Still, we must give due consideration to that decision. Id. We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—

5

the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

The nature of Martin's offenses is that he committed battery on a pregnant woman and that he had marijuana in his pocket when he was arrested for the battery. The character of the offender is reflected by Martin's significant criminal history. Even though Martin is only twenty-four years old, he has amassed numerous convictions and probation violations. As a thirteen-year-old juvenile, Martin was adjudicated delinquent in 2003 for criminal mischief and was placed on probation for one year. He violated that probation three times, and the probation was terminated unsuccessfully. In 2005, he was adjudicated delinquent for battery resulting in bodily injury, and he was placed on probation until he was eighteen years old. He violated that probation three times and was ultimately placed on home detention. In 2007, he was adjudicated delinquent for possession of marijuana. As an adult, he was convicted of disorderly conduct in 2007, sentenced to 180 days suspended to probation, and violated his probation twice. In 2009, he was convicted of Class D felony dealing in marijuana. In 2011, he was convicted of theft and was sentenced to three years with one and one-half years on home detention and one and one-half years suspended to probation. His home detention was revoked, and he violated his probation. Martin admitted that he started smoking marijuana at the age of

6

eight, and he started drinking alcohol at the age of ten. His current drugs of choice are marijuana and opiates.

We acknowledge Martin's guilty plea, but we note that he received a substantial benefit when the battery charge was dropped from a Class C felony to a Class A misdemeanor. We also acknowledge Martin's argument regarding his mental health. However, no evidence was presented at the sentencing hearing regarding his alleged mental illnesses, and no evidence was presented that his alleged mental illnesses played a part in these crimes. Despite Martin's arguments, we agree with the trial court that Martin's criminal history is an overwhelming aggravator. Despite many opportunities and leniencies, Martin continues to abuse drugs and commit more crimes. Given his criminal history, we cannot say that the four-year sentence is inappropriate.

## Conclusion

The trial court did not abuse its discretion when it sentenced Martin, and Martin's four-year sentence is not inappropriate. We affirm.

Affirmed.

BAKER, J., and CRONE, J., concur.