**Jason RASCOE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S00–9911–CR–667.

Supreme Court of Indiana.

Oct. 5, 2000.

Kathleen M. Sweeney, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Barbara Gasper Hines, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

BOEHM, Justice.

Jason Rascoe was convicted of murder and sentenced to sixty-five years imprisonment. In this direct appeal he contends that the trial court abused its discretion by imposing the maximum sentence and that his sixty-five year sentence is manifestly unreasonable. We affirm the judgment of the trial court.

**Factual and Procedural Background**

On January 30, 1998, Rascoe was home alone with his cousin, Brian Parker. Parker was asleep on a couch when Rascoe placed a gun to his head and fired seven shots. Rascoe then called his sister and mother and warned them to stay away from the house for a few days. Sometime later Rascoe told his brother that he had killed Parker.

Rascoe confessed to the police on February 2. He claimed to hear voices, black out, and experience fits of anger and ag-

gression after listening to gangsta rap music, and attributed the shooting to such an event. However, court-appointed psychiatrists found that Rascoe was of sound mind at the time of the murder and did not suffer from severe mental disease or defect. At a bench trial Rascoe was found guilty of murder and sentenced to sixty-five years imprisonment.

## I. Sentencing Error

Rascoe contends that (1) the trial court considered improper aggravating circumstances; (2) the trial court failed to consider mitigating circumstances clearly supported by the record; and (3) the trial court improperly weighed the aggravating and mitigating circumstances. In general, sentencing determinations are within the trial court's discretion and are governed by Indiana Code section 35–38–1–7.1. *Harris v. State*, 659 N.E.2d 522, 527 (Ind.1995). If a trial court relies on aggravating or mitigating circumstances to enhance or reduce the presumptive sentence, it must (1) identify all significant mitigating and aggravating circumstances; (2) state the specific reason why each circumstance is determined to be mitigating or aggravating; and (3) articulate the court's evaluation and balancing of the circumstances. *Id.* at 527–28.

First, Rascoe challenges the trial court's finding of aggravating circumstances. Rascoe does not dispute that, at sentencing, he had a significant criminal history consisting of four prior convictions and another pending murder charge. This is a statutory aggravating circumstance. Indiana Code § 35–38–1–7.1(b)(2) (1998). Although the trial court did not mention his significant criminal history, it did rely on five aggravating circumstances to enhance Rascoe's sentence. He challenges three as improper, which he identifies as: (1) the manner in which the crime was committed, (2) the relationship between Rascoe and Parker, and (3) the fact that the killing was unprovoked. Although the sentencing order is hardly a model of clarity, it appears that at the sentencing hearing the trial court found two proper aggravating circumstances: (1) the nature and circumstances of the crime, including that there were a number of wounds, the victim was a family member, and the murder was unprovoked and (2) the risk to the community.[1]

The "nature and circumstances" of a crime are a proper aggravating circumstance. *Thacker v. State*, 709 N.E.2d 3, 10 (Ind.1999). In this case, clearly the nature of the crime, including the number of wounds, *Mitchem v. State*, 685 N.E.2d 671, 680 (Ind.1997) (the "number of times victims were shot" was a proper consideration under the "nature and circumstances" of the crime), and the circumstances surrounding the crime, specifically, the shooting of an unarmed man seven times while he slept, were proper to consider. Even if the trial court relied on an improper factor under this aggravating circumstance, the sentence may be upheld so long as "[t]he remaining components of that aggravator were proper." *Angleton v. State*, 714 N.E.2d 156, 160 (Ind.1999). Also, the risk to the community, which we take to refer to "the risk that the person will commit another crime," is statutorily required to be considered in sentencing. Ind.Code § 35–38–1–7.1(a)(1) (1998). In short, the trial court did not abuse its discretion when it relied on the nature and the circumstances of the crime and the risk to the community as aggravating circumstances.

Rascoe also contends that the trial court failed to find mitigating circumstances that were supported by the record. The finding of mitigating circumstances is

---

1. Rascoe also claims that the trial court improperly relied on the impact on the family as an aggravator. Although the trial court does make mention of Parker's "beautiful little child" and that it is "sick of seeing these little babies without daddies," this reference is in a generalized discussion about the strength of the family and does not appear to have been considered as an aggravating or mitigating circumstance.

within the discretion of the trial court. *Legue v. State,* 688 N.E.2d 408, 411 (Ind. 1997). An allegation that the trial court failed to identify or find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Carter v. State,* 711 N.E.2d 835, 838 (Ind.1999). The trial court is not obligated to accept the defendant's contentions as to what constitutes a mitigating circumstance. *Legue,* 688 N.E.2d at 411.

■ Rascoe contends that the trial court failed to consider his remorse. Rascoe did voluntarily go the police station, confess, and then ask for the death penalty, all of which tend to show his remorse. However, he also made plans to conceal his crime by keeping his family away from the house for several days, and stated that he "was going to take [Parker's body] out of the house and get rid of it." Given Rascoe's attempt to conceal the crime, we cannot say that the trial court abused its discretion in failing to find Rascoe's remorse as a significant mitigating circumstance. *See, e.g., Bonds v. State,* 721 N.E.2d 1238, 1243 (Ind.1999) (equivocal statement of remorse was not a significant mitigating circumstance); *Wooley v. State,* 716 N.E.2d 919, 931 (Ind.1999) (rejecting defendant's apology to the victim's family as significant mitigating circumstance); *cf. Wilkins v. State,* 500 N.E.2d 747, 749 (Ind. 1986) (finding no error in trial court's failure to address mitigating circumstances that were "highly disputable in nature, weight, or significance").

■ As a final sentencing error, Rascoe argues that the trial court failed to properly weigh the aggravating and mitigating circumstances. He concedes that the trial court has discretion in determining the weight to assign to these factors, but nonetheless contends that the trial court improperly considered certain aggra-

vating circumstances, gave too much weight to the aggravating circumstances, and did not assign enough weight to the mitigating circumstances.

Although the aggravating circumstances here may not be the weightiest ones, for the reasons discussed above they were proper aggravators, and the trial court was allowed to consider them and give them considerable weight. The trial court also did not abuse its discretion by failing to find Rascoe's remorse as a mitigating circumstance. Therefore, what remains is Rascoe's claim of mental problems as the sole mitigating circumstance to be weighed against the nature and circumstances of the crime and the risk to the community as aggravating circumstances. The trial court mentioned Rascoe's "emotional problems" several times in the sentencing statement. We cannot conclude that the trial court improperly weighed these factors when it concluded that the "concern about the aggravators does outweigh the mitigators of his emotional problems, and . . . an aggravated sentence is warranted in this case."

## II. Manifestly Unreasonable

■ Rascoe also contends that his sentence is manifestly unreasonable.[2] Although this Court has the constitutional authority to review and revise sentences, Ind. Const. art. VII, § 4, it will not do so unless the sentence imposed is "manifestly unreasonable in light of the nature of the offense and the character of the offender." *Carter v. State,* 711 N.E.2d 835, 841 (Ind. 1999); Ind. Appellate Rule 17(B). This review is deferential to the trial court: "[T]he issue is not whether in our judgment the sentence is unreasonable, but whether it is clearly, plainly, and obviously so." *Bunch v. State,* 697 N.E.2d 1255, 1258 (Ind.1998) (quoting *Prowell v. State,* 687 N.E.2d 563, 568 (Ind.1997)); *accord*

---

**2.** Rascoe suggests that his sentence violates Article I, Section 16 of the Indiana Constitution requiring that "[a]ll penalties shall be proportioned to the nature of the offense."

However, because he does not present a separate argument for this claim, we will address it under the manifestly unreasonable standard.

*Brown v. State,* 698 N.E.2d 779, 783–84 (Ind.1998).

■ The "nature of the offense" is the shooting of a sleeping man at close range seven times in the head and face. Under "character of the offender," although the trial judge found that Rascoe had some mental problems, court-appointed experts found no psychiatric disorders. Rascoe has a violent and lengthy criminal history including twelve arrests, and has since been convicted of another murder.[3] In view of these factors, the trial court's imposition of the maximum sentence was not "clearly, plainly, and obviously" unreasonable.

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD; C.J., and DICKSON and RUCKER, JJ., concur.

SULLIVAN, J., concurs in result.

---

3. Although the other murder charge was pending at the time of Rascoe's sentencing in this case, he was convicted of that charge in a jury trial on May 23, 1999 and sentenced on June 4.