**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 19 2012, 8:56 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KIMBERLY A. JACKSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES L. ECKARD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 57A03-1108-CR-382 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE NOBLE CIRCUIT COURT
The Honorable G. David Laur, Judge
Cause No. 57C01-1011-FC-66

**MARCH 19, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Charles Eckard appeals his six-year sentence for Class C felony battery. Ind. Code § 35-42-2-1(a)(3) (2009). We affirm.

## ISSUES

Eckard presents two issues, which we restate as:

I.    Whether the trial court abused its discretion in sentencing Eckard.

II.   Whether Eckard's sentence is inappropriate.

## FACTS AND PROCEDURAL HISTORY

On October 19, 2010, Eckard and Jeneen Kazarian were arguing in the presence of their two minor children in their home in Albion, Indiana. When the argument became physical, one of the children attempted to protect Kazarian. Kazarian hit Eckard twice. Eckard struck Kazarian in the face so hard that she sustained a right orbital fracture. This was not the first time Eckard had physically injured Kazarian. In 1995, Eckard received a conviction in West Virginia for throwing a mug at Kazarian, who was six months pregnant with one of the children. The injury she sustained in that case required doctors to place a plate in her head.

For the instant offense, the State charged Eckard with Class C felony battery resulting in serious bodily injury. Eckard pleaded guilty without the benefit of a plea agreement. At the sentencing hearing, the trial court identified the following aggravators: (1) his prior felony record and prior assault of Kazarian, (2) that the offense was committed in the presence of children, and (3) his prior probation violation. In addition, the court identified the following mitigators: (1) his admission of guilt and (2) that he had

begun some rehabilitation and counseling. The trial court imposed a sentence of six years. Eckard now appeals.

## DISCUSSION AND DECISION

### I. ABUSE OF DISCRETION

Eckard contends that the trial court abused its discretion in sentencing him. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* One way a trial court abuses its discretion is by entering a sentencing statement with reasons that are not supported by the record. *Id.* Another way a trial court abuses its discretion is by entering a sentencing statement that omits a mitigating circumstance that is clearly supported by the record and advanced for consideration. *Id.* at 490-91.

Eckard argues that the court relied on evidence outside the record and used that evidence to reject Eckard's proffered mitigator of undue hardship to his children. When identifying aggravators and mitigators, the trial court noted that Eckard's child felt compelled to lie to officers to protect him:

> Uh, you now you've got not only the prior felony record and, and just off probation by a matter of weeks for a serious offense, but, a prior very serious offense involving an injury to the same victim from 1995, which, uh, left her with a, a plate in her head as, as you indicated. Uh, so I don't buy into the but for argument because no matter what happens, uh, you can't ever do what you did, ever. So I don't buy into that. Uh, I more buy into the it's not [your] first rodeo, uh, statement, because when I look at, at your record and what happened and the injury before and the injury again this time, committed [in front] of your kids, and, uh, you know you, your

3

child feeling compelled to protect you and in essence you know lie to the officers about what happened until the officers told your child that they knew what happened. And a child trying to hold you back and, and you, uh, you do it anyway, I'm not excited about that at all. Uh, so I noted your, your prior felony record. Uh, again, like I said the prior offense involving assault to this victim. I've noted the offense was committed in the presence of your children. So I don't buy into the no hardship or the hardship to your children. I, I don't find that there was, that that's a mitigator. Uh, you've got a prior probation violation, so I see absolutely no reason to consider probation for this sort of an offense. Uh, you did however, admit guilt and came in here, I, I do find that to be, uh, on your side. Also, you've begun some rehabilitation and counseling, I certainly believe that that is something I, I need to consider.

Tr. pp. 75-76. Eckard correctly notes that the allegation that his child felt compelled to lie to officers to protect him was not in the record before the trial court. Instead, this allegation is in the Noble County Sheriff's Department Case Report, which was not admitted into evidence. To the extent the trial court considered this evidence, it abused its discretion.

However, contrary to Eckard's assertions on appeal, the trial court did not use this allegation to reject undue hardship as a mitigator. Instead, as noted in both the oral and written sentencing statements, the fact that Eckard battered Kazarian in the presence of their children was the basis for concluding that there was no undue hardship. *Id.* at 76 (oral sentencing statement: "I've noted the offense was committed in the presence of your children. So I don't buy into the no hardship or the hardship to your children. I, I don't find that there was, that that's a mitigator."); Appellant's App. p. 10 (written sentencing statement: "Offense was committed in the presence of children. No hardship [to] children.")

4

Further, a trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000). Many people convicted of crimes have one or more dependents and, "absent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship." *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind. 1999); *see also Benefield v. State*, 904 N.E.2d 239, 247-48 (Ind. Ct. App. 2009) (recognizing that incarceration almost always works a hardship on others and concluding that defendant failed to show special circumstances because there were other people who could take care of defendant's mother while defendent was incarcerated), *trans. denied.* As a result of the instant offense, the children were removed from their parents, and at the time of the sentencing hearing, they were being cared for by Eckard's mother. Eckard highlights evidence that he was participating in services and exercising some unsupervised visitation, the Department of Child Services believed that reunification was a "possibility," Tr. p. 49, and the children's current placement would require them to transfer to a different school. The trial court determined despite this evidence that the fact that Eckard battered Kazarian in the presence of their children compelled a conclusion that his incarceration would not result in undue hardship to his children. We cannot say that such a conclusion was an abuse of discretion.

The trial court did not abuse its discretion by rejecting undue hardship as a mitigator but may have abused its discretion to the extent it considered the allegation that Eckard's child felt compelled to lie to officers to protect him. When a trial court abuses its discretion in sentencing, "remand for resentencing may be the appropriate remedy if

5

we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Anglemyer*, 868 N.E.2d at 491. We decline to remand for resentencing because, in light of the three valid aggravators identified by the trial court, we are confident that the court would have imposed the same sentence had it not considered evidence outside the record.

## II. INAPPROPRIATE SENTENCE

Eckard also contends that his six-year sentence is inappropriate. Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer*, 868 N.E.2d at 491). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

Eckard pleaded guilty to a Class C felony. The statutory range for a Class C felony is between two and eight years, with the advisory sentence being four years. Ind. Code § 35-50-2-6(a) (2005). The trial court sentenced Eckard to six years.

As for the nature of the offense, Eckard struck Kazarian in the face so hard that she sustained a right orbital fracture. The battery was committed in the presence of their two minor children, one of whom attempted to protect Kazarian.

6

As for Eckard's character, the presentence investigation report shows that Eckard has not led a law-abiding life. Among other convictions, Eckard has received a Class B felony conviction for dealing in methamphetamine. Most notably, this is not the first time he has inflicted substantial harm upon Kazarian. When they lived in West Virginia, Eckard was charged with malicious wounding as a felony when he threw a mug at her when she was six months pregnant, and Kazarian suffered injuries so severe that doctors had to place a plate in her head. Eckard pleaded guilty to a lesser charge of misdemeanor assault in that case. We also observe that Eckard has been afforded leniency in the past with probation but has had that probation revoked, showing that he is not a good candidate for alternative sentencing. Further evincing a poor character, Eckard has had problems in the past with marijuana and methamphetamine addiction. We acknowledge that Eckard pleaded guilty and has made some progress with rehabilitating himself; however, we cannot overlook his criminal history and the fact that this is not his "first rodeo." Tr. p. 75. Eckard has failed to persuade us that his six-year sentence is inappropriate in light of the nature of the offense and his character.

## CONCLUSION

For the reasons stated, we affirm Eckard's six-year sentence.

Affirmed.

NAJAM, J., and CRONE, J., concur.