**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Jul 30 2013, 11:12 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PETER D. TODD**
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ADAM SULLENDER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1212-CR-554 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Evan S. Roberts, Judge
Cause No. 20D01-1205-FC-130

**July 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Adam Sullender ("Sullender") appeals his sentence for Class C felony battery of a pregnant woman[1] and Class D felony strangulation.[2]

We affirm.

ISSUE

Whether the trial court abused its discretion in sentencing Sullender.

FACTS

Kristy Kasper ("Kasper") and her two-year daughter, R.H., lived with Sullender in Elkhart, Indiana. Kasper was seven-and-one-half months pregnant with Sullender's child. On May 15, 2012, Sullender and Kasper were arguing. Kasper called her estranged husband, Joshua Huff ("Huff"), and asked him to pick up their daughter. When Huff arrived, he noticed that Kasper was crying and that she had blood on her arm and a bruise on her cheek. Huff went to the Elkhart Police Department and spoke with an officer.

Officers went to Sullender and Kasper's home and observed that Kasper had a scratch on the left side of her face and appeared to be upset. Another officer observed that Kasper seemed scared. All of the officers observed that Kasper was visibly pregnant. Kasper did not initially cooperate and told the officers that nothing happened.

As the officers returned to their vehicles, a neighbor yelled that Sullender hit Kasper. The officers enlisted the neighbor to help in the investigation, but Kasper again

---

[1] Ind. Code § 35-42-2-1(a)(8).

[2] Ind. Code § 35-42-2-9(b)(1).

refused to cooperate. According to their department protocol, the officers left a domestic violence referral form with Kasper. At that point, Kasper sat down because she was feeling ill. Kasper stated that her ear hurt and that she had trouble hearing out of it. An officer observed that the area behind Kasper's ear was red and bleeding. Officers requested that an ambulance come to the scene. When the ambulance arrived and the medic helped her inside, Kasper stated that "[Sullender] hit her." (Tr. 451). When she arrived at the hospital, Kasper gave a statement to the police stating that she and Sullender argued. Kasper further stated that Sullender choked her, slammed her against a wall, and punched her head.

On May 17, 2012, the State charged Sullender with battery on a pregnant woman, a Class C felony, strangulation, a Class D felony, and domestic battery, a Class A misdemeanor. The trial court held a jury trial on October 9, 2012, and the jury convicted Sullender of all charges.[3] The trial court found Sullender's criminal history, the brutality of the crime, and his recent release from parole as aggravating circumstances. The trial court found Sullender's apology and remorse as mitigating circumstances. The trial court sentenced Sullender to an aggregate sentence of eleven (11) years, with eight (8) years executed and three (3) years suspended to probation. Of the eight (8) years executed, the trial court ordered that Sullender serve four (4) years in the Department of Correction and four (4) years in a work release program.

---

[3]For double jeopardy purposes, the trial court vacated the conviction for domestic battery.

3

Sullender argues that the trial court abused its discretion in determining his sentence. Specifically, he contends that the trial court failed to properly consider the hardship his incarceration would cause his family.

Notwithstanding the authority afforded to appellate courts by Indiana Appellate Rule 7(B), "sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." *Anglemeyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on other grounds on reh'g* 875 N.E.2d 218. An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006) (quoting *In re L.J.M.*, 473 N.E.2d 637, 640 (Ind. Ct. App. 1985)). A trial court may abuse its discretion in sentencing a defendant by: (1) failing to enter a sentencing statement; (2) entering a sentencing statement that explains reasons for imposing the sentence but the record does not support the reasons; (3) omitting reasons that are clearly supported by the record and advanced for consideration; or (4) imposing a sentence for reasons that are improper as a matter of law. *Anglemeyer*, 868 N.E.2d at 490. An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000). A trial court is not obligated to accept what a defendant contends to be a mitigating circumstance. *Id.* If an abuse of discretion is found, remand for resentencing may be appropriate "if we cannot say with confidence that the trial court

would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Anglemeyer*, 868 N.E.2d at 491.

Here, we first note that Ind. Code § 35-38-1-7.1(b)(10) allows a trial court to consider whether incarceration "will result in an *undue* hardship to the person or the dependents of the person." (emphasis added). Our Indiana Supreme Court has stated that, "[m]any persons convicted of serious crimes have one or more children and, absent special circumstances, trial courts are not required to find that imprisonment will result in undue hardship." *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind. 1999). At his sentencing, Sullender presented a letter from his mother and testimony from Kasper asserting that his incarceration would be a hardship. However, neither the letter nor Kasper's testimony presented any special circumstances that would have mandated the trial court's consideration. Moreover, Sullender received alternative placement for a portion of his sentence despite the fact that he was recently released from parole for a violent felony.[4] In sum, the record showed no special circumstances that would have warranted Sullender's entire sentence to be served on work release. Accordingly, the trial court did not abuse its discretion in sentencing Sullender.

Affirmed.

VAIDIK, J., and KIRSCH, J., concur.

---

[4]According to the presentence investigation, Sullender was convicted in Michigan for assault with intent to murder and discharged from parole on July 28, 2011.