**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**MITCHELL A. PETERS**
MillerFisher Law Firm LLC
Merrillville, Indiana

**LARRY W. ROGERS**
Harper and Rogers
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JUAN MARTINEZ, )<br>)<br>Appellant-Defendant, )<br>)<br>vs. )<br>)<br>STATE OF INDIANA, )<br>)<br>Appellee-Plaintiff. ) | No. 45A05-1401-CR-22 |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas P. Stefaniak, Jr., Judge
Cause No. 45G04-1110-FB-101

**September 22, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Juan Martinez appeals his conviction and sentence for Class B felony child molesting and Class C felony child molesting. We affirm.

**Issues**

Martinez raises two issues, which we restate as:

I. whether the evidence is sufficient to sustain his convictions; and

II. whether the trial court abused its discretion when it sentenced him.

**Facts**

L.C. was born in May 2000, and Martinez was born in July 1991. Martinez is L.C.'s cousin. L.C. and his father would often visit family at Martinez's house. During the visits, L.C. would play video games with Martinez in his bedroom. When L.C. was ten or eleven years old, Martinez started showing him pornography on the visits. Eventually, Martinez started touching L.C.'s penis with his hand and his mouth. Martinez also had L.C. touch Martinez's penis with his hand and mouth. The encounters between L.C. and Martinez happened more than five times. On one occasion during the summer of 2011, L.C.'s father walked into the room and saw L.C. pulling his pants up. L.C. initially denied to his father than anything was going on. A few weeks later, L.C.'s father told his wife about the incident, and she reported it to the police. When police interviewed Martinez about the allegations, he admitted to watching pornography with L.C., to having L.C. touch his penis, to touching L.C.'s penis, and to putting L.C.'s penis

in his mouth. Martinez also admitted that the last incident occurred when L.C.'s father walked into the bedroom.

The State charged Martinez with Class B felony child molesting and Class C felony child molesting. A jury found Martinez guilty as charged. The trial court found Martinez's lack of a criminal record to be a mitigator. The trial court found L.C.'s young age to be an aggravator. The trial court also noted that it had considered L.C.'s post-traumatic stress diagnosis and that it rejected Martinez's proposed mitigator of undue hardship on his family. The trial court sentenced Martinez to nine years with three years suspended to probation on the Class B felony conviction. On the Class C felony conviction, he was sentenced to a concurrent sentence of three years. Martinez now appeals.

**Analysis**

*I. Sufficiency of the Evidence*

Martinez argues that the evidence is insufficient to sustain his convictions. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." Id. We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. Id.

The offense of Class B felony child molesting is governed by Indiana Code Section 35-42-4-3(a), which at the time of the offense provided: "A person who, with a

3

child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony." The offense of Class C felony child molesting is governed by Indiana Code Section 35-42-4-3(b), which at the time of the offense provided: "A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony."

According to Martinez, L.C.'s testimony is not credible because there is a long-standing dispute between L.C.'s mother and Martinez's family, L.C. contradicted himself on the number of abuse incidents and specifics of the abuse, Martinez's house was small and other family members were in the house during the incidents, and L.C. was not able to testify regarding specific dates of the abuse. Martinez also argues that his confession was false because he was nervous and afraid of the police.[1] Martinez contends that his testimony and testimony by his father and mother regarding visits by L.C. and his father were more credible. Martinez points out that there was no forensic or medical evidence to suggest that L.C. had been molested.

Martinez's argument is merely a request that we reweigh the evidence and judge the credibility of the witnesses, which we will not do. L.C. testified regarding Martinez's molestations of him, L.C.'s father testified regarding seeing L.C. pull his pants up, and the jury watched the videotaped police interview in which Martinez confessed to

---

[1] Martinez did not object to the admission of the confession.

molesting L.C. It was for the jury to weigh the evidence and judge the credibility of the witnesses. The evidence is sufficient to sustain Martinez's convictions.

## II. Sentencing

Martinez appeals the sentence imposed by the trial court.[2] Sentencing decisions are within the sound discretion of the trial court. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218. However, a trial court may be found to have abused its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that explains reasons for imposing a sentence where the record does not support the reasons; (3) entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; and (4) entering a sentencing statement in which the reasons given are improper as a matter of law. Id. at 490-91. The reasons or omission of reasons given for choosing a sentence are reviewable on appeal for an abuse of discretion. Id. at 491. The weight given to those reasons, i.e. to particular aggravators or mitigators, is not subject to appellate review. Id.

According to Martinez, the trial court failed to consider his positive character traits, including lack of criminal history, family support and connections, employment history, and academic achievements. Martinez also mentions the undue hardship of his

---

[2] Martinez also argues that the trial court's failure to consider mitigating evidence was "manifestly unreasonable." Appellant's Br. p. 19. Prior to January 1, 2003, we reviewed a sentence to see if it was "manifestly unreasonable." However, the Indiana Supreme Court amended Indiana Appellate Rule 7(B), effective January 1, 2003, to replace "manifestly unreasonable" with "inappropriate."

parents repaying his student loans and argues that his "high" rating on the recidivism assessment was incorrect.

A trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. Rascoe v. State, 736 N.E.2d 246, 249 (Ind. 2000). A claim that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. Anglemyer, 868 N.E.2d at 493. The trial court considered and rejected the undue hardship proposed mitigator. Moreover, the trial court found that Martinez's lack of a criminal history was a mitigating factor. Consequently, the trial court did not fail to consider those proposed mitigators.[3]

As for Martinez's family support and connections, the State correctly points out that Martinez took advantage of his family in order to commit these offenses. Although there is evidence in the record to support Martinez's academic success and employment history, we cannot say that these are significant mitigators that the trial court was required to use. Finally, as for the high recidivism rating given by the probation department, we note that the high rating was a result of the nature of the offense. Although Martinez told police officers during an interview that he "wanted to stop," he downplayed his involvement and described the molestations as "experiments." Tr. p. 173. Given the nature of the offense, we cannot say that the trial court was required to reject the probation department's high rating and consider a proposed low recidivism

---

[3] In his reply brief, Martinez argues that the trial court should have given greater weight to his lack of a criminal history and good character. Our supreme court held in Anglemyer that the weight given to particular aggravators or mitigators is not subject to appellate review. Anglemyer, 868 N.E.2d at 491.

rating as a mitigator instead. We conclude that the trial court did not abuse its discretion when it sentenced Martinez.

## Conclusion

The evidence is sufficient to sustain Martinez's convictions, and the trial court did not abuse its discretion when it sentenced him. We affirm.

Affirmed.

BRADFORD, J., and BROWN, J., concur.