## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 28 2016, 5:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrew J. Sickmann
Boston Bever Klinge Cross & Chidester
Richmond, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Earl D. Napier,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

April 28, 2016

Court of Appeals Case No.
89A04-1510-CR-1654

Appeal from the Wayne Superior Court

The Honorable Gregory A. Horn, Judge

Trial Court Cause No.
89D02-1403-FA-8

**Najam, Judge.**

# Statement of the Case

Earl Napier appeals his sentence following his convictions for four counts of child molesting, two as Class A felonies and two as Class C felonies. Napier raises two issues for our review:

> 1. Whether the trial court abused its discretion when it sentenced him.
>
> 2. Whether the trial court erred when it imposed consecutive sentences.

We affirm.

# Facts and Procedural History

Between February of 2013 and February of 2014, sisters A.T. and S.T.—aged six and nine at that time, respectively—would often stay the night at their grandmother's, Shondia Napier's ("Shondia"), house. Napier was Shondia's husband, and a step-grandfather to both A.T. and S.T. Since Shondia would often work the night shift, it was not unusual for A.T. and S.T. to stay alone with Napier.

On those occasions, Napier repeatedly molested both A.T. and S.T. Napier put his finger in A.T.'s and S.T.'s vaginas and touched their buttock. Napier also touched and bit S.T.'s breasts. These incidents normally occurred at night when Napier slept in bed between A.T. and S.T., and when they were sitting in a rocking chair. Both A.T. and S.T. asked Napier to stop. Napier said he

would "try to remember," but he never did stop. Tr. at 259. During this time period, A.T. and S.T.'s mother, Annie Ashwell, noticed that A.T. suffered from "a lot of nightmares, bed wetting, . . . [and] temper tantrums," while S.T. became "[m]ore emotional . . . [and] stayed to herself a lot more." *Id*. at 192.

[4] On February 8, 2014, A.T. and S.T. told Ashwell about the sexual abuse. S.T. finally told her mother about the abuse because S.T. believed she would "go to hell" if she did not tell the truth. *Id*. at 259-60. Ashwell confronted Napier about these allegations, but he denied them. Ashwell reported the incidents to the police.

[5] On February 10, both A.T. and S.T. went to the Justice and Advocacy Center for Youth House for forensic interviews, where they both disclosed that Napier had repeatedly molested them. On February 12, Detective Thomas Legear of the Richmond Police Department questioned Napier. Napier did not admit to any wrongdoing.

[6] On March 12, the State charged Napier with the following: count I, child molesting, as a Class A felony; count II, child molesting, as a Class C felony; count III, child molesting, as a Class A felony; and count IV, child molesting, as a Class C felony. A jury found Napier guilty as charged, and the trial court entered judgment accordingly. At a sentencing hearing on September 8, 2015, the trial court found the following aggravating circumstances:

> (1) there were multiple acts of child molesting against two victims; (2) the young age of the victims; (3) the multiple acts of child molestation were crimes of violence; (4) Napier, as

grandfather of the victims, was in a position of trust, custody and control over the victims; and (5) the crimes against each victim were committed in the presence of the other victim.

The trial court also found the following mitigating circumstances: (1) Napier was sixty-two years old with no prior criminal history; (2) Napier had significant health concerns; and (3) imprisonment would result in financial hardship to Napier and his family.

The court sentenced Napier to thirty years for count I, four years for count II, thirty years for count III, and four years for count IV, with counts I and II running concurrently, and counts III and IV running concurrently. The court ordered that count I was to be served consecutive with count III, for an aggregate sentence of sixty years, for "same reasons that the Court has found certain aggravating circumstances." Tr. at 428. The trial court stated: "In particular, we're dealing with a crime of violence. These were multiple acts that took place[,] the jury found[,] over a period of a year and we're talking about separate children." *Id*. This appeal ensued.

## Discussion and Decision

Napier contends that the trial court decision was inappropriate for failing to consider mitigating factors and by imposing consecutive sentences. Article VII, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due

consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007)). Here, however, Napier's argument is focused entirely on whether the trial court abused its discretion in sentencing him. This Court has made clear that there is a separate argument and analysis for an inappropriate sentence and abuse of discretion claim. *See King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008) ("[A]n inappropriate sentence analysis does not involve an argument that the trial court abused its discretion in sentencing the defendant."). Napier alludes to an Indiana Appellate Rule 7(B) argument using relevant wording such as "inappropriate" and "character" at points in his brief but makes no cogent argument in support of revision of his sentence under the standards of Appellate Rule 7(B). Without a valid Appellate Rule 7(B) argument, the inappropriateness standard does not apply here.

[9] Our standard of review is well settled. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer*, 868 N.E.2d at 490. So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

[10] A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that

includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91. Because the trial court no longer has any obligation to weigh aggravating and mitigating factors against each other when imposing a sentence, a trial court cannot now be said to have abused its discretion in failing to properly weigh such factors. *Id.* at 491.

[11] Napier first contends that the trial court abused its discretion when it did not identify certain mitigating factors. When an allegation is made that the trial court failed to find a mitigating factor, the defendant is required to establish that the mitigating evidence is both significant and clearly supported by the record. *Id.* at 493. However, a trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000). "If the trial court does not find the existence of a mitigating factor after it has been argued by counsel, the trial court is not obligated to explain why it has found that the factor does not exist." *Anglemyer*, 868 N.E.2d at 493 (citation omitted).

[12] Napier contends that the trial court failed to account for the mitigating evidence of his age or testimony from his family and friends regarding his good character. Concerning Napier's age, he contends that, in effect, he has been given a life sentence since he would not complete his sixty-year sentence until he is 120 years old. As such, Napier contends that his current age should be taken into account as a non-statutory mitigating factor. However, the trial

court considered Napier's age and declined to find it to be a mitigating factor. Specifically, the trial court stated, "[c]ertainly one who is sixty plus years of age would have the background and experience to know that this is absolutely a horrendous crime." Tr. at 427. The trial court did not abuse its discretion when it rejected Napier's age as a mitigating factor.

[13] Concerning the positive testimony pertaining to Napier's character, he contends that the trial court overlooked this testimony when determining his sentence. Those witnesses testified that they did not believe Napier sexually molested A.T. and S.T. But, again, a trial court is not obligated to explain why it has rejected a proffered mitigator. *See Anglemyer*, 868 N.E.2d at 493. The trial court had ample evidence of Napier's bad character in addition to the positive character evidence. The trial court did not abuse its discretion in declining to consider the positive testimony from Napier's family and friends as a mitigating factor.

[14] Finally, Napier contends that the trial court abused its discretion when it did not identify an aggravator to support the imposition of consecutive sentences. In order to impose consecutive sentences, the trial court must find at least one aggravating circumstance. *Marcum v. State*, 725 N.E.2d 852, 864 (Ind. 2002). The trial court may find aggravating factors for purposes of the length of a sentence and then find an additional, free-standing aggravator justifying the imposition of consecutive sentences, *e.g.*, *Lopez v. State*, 869 N.E.2d 1254, 1258 (Ind. Ct. App. 2007), *trans. denied*, or find that one of the same aggravators used in determining the length of the sentence justifies imposing consecutive

sentences, *Frentz v. State*, 875 N.E.2d 453, 472 (Ind. Ct. App. 2007), *trans. denied*. When imposing a consecutive sentence, the trial court must provide a "reasonably detailed recitation of the trial court's reasons for imposing a particular sentence." *Anglemyer*, 868 N.E.2d at 490.

[15] Here, the trial court based its rationale for imposing consecutive sentences for counts I and III on the "same reasons that the Court has found certain aggravating circumstances," Tr. at 428, for purposes of the length of the sentence. This is permissible. *Frentz*, 875 N.E.2d at 472. Additionally, our supreme court has held that consecutive sentences are proper when a defendant commits multiple crimes against multiple victims. *See Serino v. State*, 798 N.E.2d 852, 857 (Ind. 2003) ("[W]hen the perpetrator commits the same offense against two victims, enhanced and consecutive sentences seem necessary to vindicate the fact that there were separate harms and separate acts against more than one person."). As the trial court explained in the instant case, "[t]hese were multiple acts that took place . . . over a period of a year and we're talking about separate children." Tr. at 428. Thus, Napier has failed to demonstrate that the trial court abused its discretion in his sentencing.

[16] Affirmed.

Riley, J., and May, J., concur.