## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 27 2017, 8:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Katherine S. Brown
Brown & Somheil
Brazil, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Shannon L. Pilant,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

July 27, 2017

Court of Appeals Case No.
28A01-1612-CR-2884

Appeal from the Greene Superior Court

The Honorable Dena A. Martin, Judge

Trial Court Cause No.
28D01-1602-F4-1

**Barnes, Judge.**

# Case Summary

Shannon Pilant appeals his sentence for two convictions of Level 4 felony sexual misconduct with a minor and two convictions of Level 5 felony child seduction. We affirm.

# Issues

Pilant raises two issues, which we restate as:

    I.      whether the trial court abused its discretion when it sentenced him; and

    II.     whether his sentence is inappropriate in light of the nature of the offenses and the character of the offender.

# Facts

In February 2016, the State charged Pilant, who was born in 1976, with six counts of Level 4 felony sexual misconduct with a minor for his sexual contact with S.M., who was fifteen years old at the time. The State also charged Pilant with two counts of Level 5 felony child seduction for his sexual contact with J.W., who was sixteen years old at the time. J.W.'s mother had left her in Pilant's care, and she resided with Pilant. S.M. was J.W.'s friend, and she often spent weekends with J.W. at Pilant's house.

Pilant pled guilty to two counts of Level 4 felony sexual misconduct with a minor and two counts of Level 5 felony child seduction. The plea agreement provided that the sentences for the Level 4 felony convictions would be

concurrent, the sentences for the Level 5 felony convictions would be concurrent, and the sentences for the Level 5 felony convictions would be consecutive to the sentences for the Level 4 felony convictions. Under the plea agreement, the maximum possible sentence was eighteen years.

[5] At the sentencing hearing, the trial court discussed several mitigating circumstances: (1) Pilant's acceptance of responsibility and guilty plea; (2) his limited criminal history; (3) his mental health; and (4) the effect on his family of his incarceration. The trial court also found two aggravating circumstances: (1) the nature and circumstances of the offense; and (2) Pilant had care, custody, and control over S.M. In the written sentencing order, the trial court stated:

> 7. In determining the appropriate sentence the court considered the following aggravating circumstances:
>
> a) The circumstances of this offense and that the injury, loss or damage suffered by the victim of the offenses was greater than the elements necessary to prove the offense in that the defendant repeatedly and over a period of time had the two young girls in his home for entire weekends engaging in sexual activities sometimes with both girls at the same time.
>
> b) As to counts 1 and 2 the Defendant was in a position having care, custody, or control of the victim of the offense. The young girl would come to his home to spend the weekend with her friend and be in the care of the defendant for those weekends.

8.	In determining the appropriate sentence the court considered the following mitigating circumstances:

a)	The Defendant has mental health issues including panic disorder, PTSD and anxiety.

b)	The Defendant has suffered a brain injury.

c)	The Defendant provides assistance to his family.

d)	The Defendant has admitted to the crimes and accepted responsibility and he had been law abiding for a number of years prior to this involvement with the criminal justice system.

Appellant's App. Vol. II pp. 90-91.

[6]	The trial court sentenced Pilant to concurrent eight-year sentences in the Department of Correction with one year suspended to probation on the Level 4 felony convictions and concurrent four-year sentences with one year suspended to probation on the Level 5 felony convictions. The trial court ordered that the sentences for the Level 4 felony convictions be served consecutive to the sentences for the Level 5 felony convictions for an aggregate sentence of twelve years in the Department of Correction with two years suspended to probation. Pilant now appeals.

# Analysis

## I. *Abuse of Discretion*

[7] Pilant argues that the trial court abused its discretion when it sentenced him. Sentencing decisions are within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. However, a trial court may be found to have abused its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that explains reasons for imposing a sentence where the record does not support the reasons; (3) entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; and (4) entering a sentencing statement in which the reasons given are improper as a matter of law. *Id.* at 490-91. The reasons or omission of reasons given for choosing a sentence are reviewable on appeal for an abuse of discretion. *Id.* at 491. The weight given to those reasons, i.e. to particular aggravators or mitigators, is not subject to appellate review. *Id.*

[8] Pilant first argues that the trial court abused its discretion by considering the victim's injuries as an aggravator. Under Indiana Code Section 35-38-1-7.1(a), the trial court may consider the following in determining aggravating circumstances: "(1) The harm, injury, loss, or damage suffered by the victim of an offense was: (A) significant; and (B) greater than the elements necessary to prove the commission of the offense." In its written order, the trial court found the following aggravator:

> The circumstances of this offense and that the injury, loss or damage suffered by the victim of the offenses was greater than the elements necessary to prove the offense in that the defendant repeatedly and over a period of time had the two young girls in his home for entire weekends engaging in sexual activities sometimes with both girls at the same time.

Appellant's App. Vol. II p. 91. Pilant interprets this finding as the trial court finding the victims suffered more harm than usually suffered by a victim in such offense. We, however, interpret this statement as a finding that Pilant victimized the girls repeatedly, many times more than evidenced by his four convictions.[1] These facts are part of the nature and circumstances of the offense, which is a proper aggravating factor. *See Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (holding that, where the defendant has pled guilty, the trial court may consider the facts of dismissed charges in sentencing the defendant unless the plea bargain specifically forecloses the possibility of using enhancements from the underlying charges that were dismissed). The trial court did not abuse its discretion by considering this aggravator.

---

[1] Pilant argues that he only victimized J.W. twice. However, the probable cause affidavit, which was included in the presentence investigation report, discusses several incidents between J.W. and Pilant, sometimes including S.M. When Pilant was asked whether he had any requested corrections or deletions to make to the presentence report, his attorney made minor corrections, but none to the facts alleged in the probable cause affidavit. Under the circumstances, we cannot say it would be erroneous to consider the contents of the probable cause affidavit in evaluating Pilant's sentence. *See Sullivan v. State*, 836 N.E.2d 1031, 1036–37 (Ind. Ct. App. 2005) (holding that where the defendant indicated there were no corrections to be made to presentence report and did not object to introduction of probable cause affidavit at sentencing hearing, the defendant effectively admitted to contents of report and affidavit).

Pilant also argues that the trial court improperly failed to identify significant mitigating circumstances. According to Pilant, the trial court failed to consider the fact that he "did not appreciate or believe that his conduct was causing harm to the victims; he believed that the conduct was mutual." Appellant's Br. p. 13. A trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000). A claim that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493. Although Pilant testified at the sentencing hearing that the conduct was mutual and that he did not think he was causing harm, he also testified that he knew his conduct was "wrong." Tr. p. 59. Further, to the extent that Pilant argues that he has mental health issues that make him unable to make rational decisions, we note that the trial court considered Pilant's mental health as a mitigator. We cannot say the lack of intended harm was significant or clearly supported by the record. The trial court did not abuse its discretion when it sentenced Pilant.

## II. Inappropriate Sentence

Pilant argues that his twelve-year sentence is inappropriate under Indiana Appellate Rule 7(B). Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. When considering whether a

sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Still, we must give due consideration to that decision. *Id.* We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[11] The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[12] Pilant was sentenced for both Level 4 felonies and Level 5 felonies. The advisory sentence for a Level 4 felony is six years with a sentencing range of two to twelve years. Ind. Code § 35-50-2-5.5. The advisory sentence for a Level 5 felony is three years with a sentencing range of one to six years. I.C. §

35-50-2-6. Consequently, the eight- and four-year sentences were slightly over the advisory sentences.

[13] The nature of the offense is the Pilant repeatedly had sexual intercourse with fifteen-year-old S.M. and sixteen-year-old J.W. J.W.'s mother had left her in Pilant's care, and S.M. was J.W.'s friend, who often spent weekends with J.W. Pilant testified that he "didn't think [he] was giving any harm," but he agreed that the girls were, in fact, harmed by his actions. Tr. p. 52. He testified that he knew his conduct was "wrong." *Id.* at 59. Pilant also admitted that he had sexual intercourse with both S.M. and J.W. together. Pilant repeatedly took advantage of his position of trust with the girls.

[14] As for Pilant's character, his therapist testified at the sentencing hearing that he has been diagnosed with a panic disorder, anxiety, post-traumatic stress disorder, and memory issues associated with a severe head injury that occurred when he was seventeen years old. Pilant "has difficulty at time caring for himself and relies on others to assist him and has difficulty making his own decisions at times, very indecisive, and . . . relies on others to help him with that." *Id.* at 28. Pilant's father testified that Pilant helps him maintain property in Greene County and in Tennessee and that he assists his grandmother with groceries and household activities. Pilant is unemployed, and his family assists him with housing and financial needs. Pilant also testified that he has been diagnosed with schizophrenia.

Pilant has a minimal criminal history. As a juvenile, Pilant successfully completed a diversion contract for committing an act that would have been Class A misdemeanor resisting law enforcement if committed by an adult. Pilant was also adjudicated delinquent for Class C felony burglary and Class D felony theft. As an adult, he was charged in 2007 with two counts of Class C felony child molesting, but the charges were later dismissed.

We acknowledge Pilant's mental health issues and minimal criminal history. However, Pilant repeatedly had sexual intercourse with a fifteen-year-old girl and a sixteen-year old girl. The sixteen-year-old girl was living with Pilant after her mother left her with him, and the fifteen-year-old girl often visited the other girl at Pilant's residence. The twelve-year sentence imposed here is far below the maximum sentence allowed by the plea agreement. Given Pilant's actions and abuse of his position of trust, we cannot say that the twelve-year sentence imposed by the trial court is inappropriate.

## Conclusion

The trial court did not abuse its discretion when it sentenced Pilant, and his twelve-year sentence is not inappropriate. We affirm.

Affirmed.

Baker, J., and Crone, J., concur.