## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 18 2020, 8:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alexander W. Robbins
The Law Office of Alex Robbins
Bedford, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dennis D. Nelms, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | November 18, 2020 <br><br> Court of Appeals Case No. 20A-CR-911 <br><br> Appeal from the Morgan Superior Court <br><br> The Honorable Sara A. Dungan, Judge <br><br> Trial Court Cause No. 55D03-1808-F3-1408 |

**Pyle, Judge.**

# Statement of the Case

Dennis Nelms ("Nelms") appeals, following a jury trial, the sentence imposed following his convictions for Level 5 felony battery by means of a deadly weapon[1] and Level 6 felony possession of methamphetamine.[2]  Nelms argues that the trial court abused its discretion by failing to find, as a mitigating circumstance, that his incarceration would impose an undue financial hardship on his family.  Concluding that the trial court did not abuse its discretion, we affirm his sentence.

We affirm.

# Issue

> Whether the trial court abused its discretion by failing to find, as a mitigating circumstance, that Nelms' incarceration would impose an undue financial hardship on his family.

# Facts

On August 19, 2018, Nelms stabbed Chad Williams twice in the chest with a knife during an altercation at a bar in Mooresville.  When officers responded to the bar, they found methamphetamine in Nelms' pocket.

---

[1] IND. CODE § 35-42-2-1.

[2] I.C. § 35-48-4-6.1.

[4] On August 21, 2018, the State charged Nelms with Level 3 felony aggravated battery, Level 5 felony battery by means of a deadly weapon, and Level 6 felony possession of methamphetamine. The trial court held a three-day jury trial on February 5-7, 2020. The jury found Nelms guilty of Level 5 felony battery by means of a deadly weapon and Level 6 felony possession of methamphetamine and not guilty of Level 3 felony aggravated battery.

[5] At the subsequent sentencing hearing, Nelms explained that he and his wife had filed for bankruptcy protection. Nelms also testified that he was not currently employed but anticipated working at a seasonal construction job in the future. During the argument portion of the hearing, Nelms' counsel argued that he "believe[d] that there [was] a justification that [incarceration] could result in undue hardship to [Nelms'] family[.]" (Tr. Vol. 4 at 77). In response, the State argued that incarceration is an undue hardship for anyone who commits a crime and is found guilty.

[6] In determining Nelms' sentence, the trial court considered the Pre-Sentence Investigation Report ("PSI"), which set forth Nelms' criminal history that included two convictions for Class A misdemeanor operating a vehicle while intoxicated, one conviction for Class D felony operating a vehicle while intoxicated, and one conviction for Level 6 felony intimidation. Additionally, the PSI indicated that Nelms had been released on bond at the time he had

committed the instant offenses.[3]  The PSI also revealed that Nelms had been unemployed since 2016 and that his wife had been the primary source of income for the family.  Furthermore, the PSI indicated that Nelms did not have any dependent children but that his adult daughter and her two children resided in the family home.

[7]  Thereafter, the trial court identified Nelms' criminal history and the fact that he had violated pretrial release as aggravating circumstances.  When discussing mitigating circumstances, the trial court noted that Nelms had previously done well on probation and community corrections in the past, which indicated that he was likely to respond affirmatively to probation or short-term imprisonment.[4]  Thereafter, the trial court sentenced Nelms to four (4) years, with two (2) years executed in the Department of Correction and two (2) years suspended to probation for his Level 5 felony conviction and a concurrent time served sentence for his Level 6 felony conviction.  Nelms now appeals.

## Decision

[8]  Nelms argues that the trial court abused its discretion when sentencing him. Sentencing decisions rest within the sound discretion of the trial court.

---

[3] At the time Nelms committed the instant offenses, he was pending charges of Level 6 felony intimidation, Class B misdemeanor battery, and Class B misdemeanor disorderly conduct under cause number 55D03-1804-F6-0615.  Ultimately, Nelms was found guilty of Level 6 felony intimidation.

[4] In its written sentencing order, the trial court stated that it did not find any statutory mitigating circumstances.

*Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id*. An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*. A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement; (2) entering a sentencing statement that explains reasons for imposing a sentence where the record does not support the reasons; (3) entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; and (4) entering a sentencing statement in which the reasons given are improper as a matter of law. *Id*. at 490-91.

[9] Here, Nelms contends that the trial court abused its discretion by failing to find, as a mitigating circumstance, that his incarceration would impose an undue financial hardship on his family. A trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000). A claim that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493. Absent special circumstances, trial courts are not required to find that imprisonment will result in undue hardship. *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind. 1999).

[10] At the sentencing hearing, Nelms testified that he and his wife had filed for bankruptcy. He also explained that he was currently unemployed, and the PSI shows that he had been unemployed since 2016. Moreover, the PSI indicates that his wife is employed and that she had been the primary source of income for the family. The PSI also states that Nelms had one adult daughter and no dependent children. None of this evidence presents any special circumstances establishing that the hardship on his family is both significant and clearly supported by the record. *See Benefield v. State*, 904 N.E.2d 239, 247-48 (Ind. Ct. App. 2009) (recognizing that incarceration "almost always" works a hardship on others and concluding that the defendant failed to show "special circumstances" because there were other people who could take care of the defendant's mother while she was incarcerated), *trans. denied*. Thus, the trial court did not abuse its discretion by failing to find undue hardship as a mitigating circumstance.

[11] Affirmed.

Kirsch, J., and Tavitas, J., concur.