Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 30 2014, 10:01 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**THOMAS J. O'BRIEN**
O'Brien & Decker
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER HOPKINS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1403-CR-216 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Randy J. Williams, Judge
Cause No. 79D01-1306-FC-30

**October 30, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Christopher Hopkins appeals his sentence for two counts of Class C felony sexual misconduct with a minor and one count of Class D felony possession of marijuana. We affirm.

## Issues

Hopkins raises two issues, which we restate as:

 I. whether the trial court abused its discretion when it sentenced him; and

 II. whether his sentence is inappropriate.

## Facts

In May 2013, A.L. reported that Hopkins, her mother's boyfriend, had touched her vagina on two occasions during the summer and fall of 2012 when she was fifteen years old. When interviewed by officers, Hopkins eventually admitted to the conduct. During a subsequent search of Hopkins's house, officers found a marijuana-growing operation and 119.2 grams of marijuana. The State charged Hopkins with two counts of Class C felony sexual misconduct with a minor, Class D felony possession of marijuana, and Class A misdemeanor possession of marijuana. Hopkins pled guilty to two counts of Class C felony sexual misconduct with a minor and one count of Class D felony possession of marijuana, and the State dismissed the remaining charge.

At the sentencing hearing, Hopkins argued that his guilty plea, acceptance of responsibility, lack of prior criminal history, and undue hardship on his grandmother were mitigators. Hopkins requested concurrent four-year sentences for the sexual

misconduct with a minor convictions and a consecutive one and one-half year sentence for the marijuana conviction for a total sentence of five and one-half years. However, he requested that three years of the sentence be served on community corrections and the remainder suspended to probation. The trial court found that Hopkins's guilty plea, lack of a criminal history, and family support were mitigators. The trial court found the fact Hopkins was in a position of trust with the victim and the repetitive nature of the offenses as aggravators. The trial court sentenced Hopkins to concurrent five-year sentences for the sexual misconduct with a minor convictions and a consecutive one and one-half year sentence for the marijuana conviction for an aggregate sentence of six and one-half years. The trial court ordered Hopkins to serve three years executed and suspended three and one-half years to probation. Hopkins now appeals.

**Analysis**

*I. Sentencing*

Sentencing decisions are within the sound discretion of the trial court. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218. However, a trial court may be found to have abused its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that explains reasons for imposing a sentence where the record does not support the reasons; (3) entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; and (4) entering a sentencing statement in which the reasons given are improper as a matter of law. Id. at 490-91. The reasons or omission of reasons given for choosing a sentence are reviewable on appeal

3

for an abuse of discretion. Id. at 491. The weight given to those reasons, i.e. to particular aggravators or mitigators, is not subject to appellate review. Id.

According to Hopkins, the trial court ignored evidence that supported additional mitigators. A trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. Rascoe v. State, 736 N.E.2d 246, 249 (Ind. 2000). A claim that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. Anglemyer, 868 N.E.2d at 493.

Hopkins first argues that the trial court should have found undue hardship to his grandmother as a mitigator. Although Hopkins claimed that he cared for his elderly grandmother, the pre-sentence investigation report indicated that Hopkins had been unemployed for some time and that his grandmother was providing financial support to him. Hopkins has not established that this proposed mitigator was significant or clearly supported by the record.

Hopkins also briefly contends that the trial court "erred in determining that Mr. Hopkins had not led a law abiding life for a significant period of time prior to his conviction." Appellant's Br. p. 9. The trial court found Hopkins's lack of a criminal history as a mitigator. The trial court, however, rejected the assertion that Hopkins had led a law-abiding life and noted: "Just because you're not arrested doesn't mean you're leading a law abiding life." Tr. p. 15. We interpret the trial court's comments to mean that Hopkins's lack of criminal history was a mitigator but, given the evidence of ongoing criminal activity, the weight of that mitigator was reduced. The weight given to

4

an aggravator or mitigator is not subject to our review. Anglemyer, 868 N.E.2d at 491. The State presented evidence that Hopkins, by his own admission, had repeatedly touched A.L. Further, the State presented evidence that Hopkins had a marijuana-growing operation and that he had 119.2 grams of marijuana. There was evidence to support the trial court's comment.

Next, Hopkins argues that the trial court abused its discretion by sentencing him to consecutive terms. According to Hopkins, the aggravators only applied to the sexual misconduct with a minor conviction and could not be used to impose a consecutive sentence on the possession of marijuana conviction. First, we note that Hopkins requested a consecutive sentence for the marijuana conviction. A party may not take advantage of an error that he or she invites. Wright v. State, 828 N.E.2d 904, 907 (Ind. 2005). Consequently, Hopkins invited any error. Moreover, Hopkins cites no authority for the proposition that an aggravator can "apply" to one conviction but not others and cannot be used to impose consecutive sentences. In general, the decision to impose consecutive sentences is within the trial court's discretion. McBride v. State, 992 N.E.2d 912, 919 (Ind. Ct. App. 2013), trans. denied. "In order to impose consecutive sentences, a trial court must find at least one aggravating circumstance." Id. The State properly argues that "[t]here is no requirement that the aggravator must somehow be relevant to the sentence consecutively imposed and not to the other sentences." Appellee's Br. p. 11. Hopkins's argument fails.

## II.  Inappropriate Sentence

Hopkins argues that his sentence is inappropriate under Indiana Appellate Rule 7(B). Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. When considering whether a sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Still, we must give due consideration to that decision. Id. We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest— the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

The nature of the offense is that Hopkins admitted to touching the vagina of his girlfriend's fifteen-year-old daughter on more than two occasions. Hopkins argues that he did not use force or cause physical harm to the victim. When officers searched his residence, they found a marijuana-growing operation and 119.2 grams of marijuana. Although Hopkins properly points out that there was no evidence that he was selling marijuana, the evidence still demonstrates that he had a substantial growing operation.

As for Hopkins's character, thirty-five-year-old Hopkins pled guilty and does not have a history of prior convictions. However, as the trial court noted, we cannot say that Hopkins has lived a law-abiding life given his marijuana-growing operation, which was clearly a long-term undertaking. During the sentencing hearing, the trial court noted Hopkins's apparent disdain for the judicial process and poor attitude in court. Hopkins argues that we should consider undue hardship on his grandmother, but as we have noted, the PSI indicates that Hopkins's grandmother was providing financial support for him.

The trial court imposed only a slightly enhanced sentence on the sexual misconduct with a minor convictions and a consecutive advisory sentence on the marijuana conviction. The trial court also suspended three and one-half years of the six and one-half year sentence. Given Hopkins's position of trust with the victim, his attitude, and the repeated nature of his offenses, we simply cannot say that the sentence imposed by the trial court is inappropriate.

## Conclusion

The trial court did not abuse its discretion when it sentenced Hopkins, and we cannot say that the sentence imposed is inappropriate. We affirm.

Affirmed.

BRADFORD, J., and BROWN, J., concur.