## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jun 17 2019, 9:12 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark A. Thoma
Deputy Public Defender
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dimitric A. Freeman,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

June 17, 2019

Court of Appeals Case No.
19A-CR-21

Appeal from the Allen Superior
Court

The Honorable Wendy W. Davis,
Judge

Trial Court Cause No.
02D04-1803-F2-11

**Najam, Judge.**

## Statement of the Case

Dimitric Freeman appeals his sentence following his convictions for dealing in methamphetamine, as a Level 2 felony, and dealing in cocaine or narcotic drug, as a Level 3 felony. Freeman presents two issues for our review:

> 1.    Whether the trial court abused its discretion when it sentenced him.
>
> 2.    Whether his sentence is inappropriate in light of the nature of the offenses and his character.

We affirm.

## Facts and Procedural History

On January 8, 2018, the Allen Circuit Court sentenced Freeman to one year of home detention following his conviction for operating a motor vehicle after his license had been forfeited for life. Freeman wore an ankle bracelet while on home detention. On March 10, Allen County Community Corrections officers observed a "no motion" alert[1] from Freeman's ankle bracelet, and Officers Stacey McHenry and Nathan Dodge went to Freeman's residence to check on him. Tr. Vol. 1 at 105. After the officers arrived, Officer McHenry searched the upstairs of the townhouse while Officer Dodge spoke with Freeman, along with Freeman's girlfriend and her small child, downstairs. In a bedroom,

---

[1]  At trial, Officer McHenry explained that a "no motion" alert requires an officer to "check on . . . the wellbeing of a person to make sure that they are okay because . . . it is abnormal for somebody to give no motion." Tr. Vol. 1 at 105-06.

Officer McHenry found a digital scale with a white powdery residue on it, a wallet teeming with cash, 127.2 grams of methamphetamine, and 7.68 grams of morphine.

[4] The State charged Freeman with dealing in methamphetamine, as a Level 2 felony, and dealing in cocaine or a narcotic drug, as a Level 3 felony. A jury found him guilty as charged. The trial court entered judgment of conviction accordingly and sentenced Freeman to concurrent sentences of twenty-five years with twenty years executed and five years suspended for the Level 2 felony conviction and ten years executed for the Level 3 felony conviction. This appeal ensued.

## Discussion and Decision

### Issue One: Abuse of Discretion in Sentencing

[5] Freeman first contends that the trial court abused its discretion when it sentenced him. Sentencing decisions lie within the sound discretion of the trial court. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Gross v. State*, 22 N.E.3d 863, 869 (Ind. Ct. App. 2014) (citation omitted), *trans. denied*.

[6] A trial court abuses its discretion in sentencing if it does any of the following:

> (1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a

sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law."

*Id.* (quoting *Anglemyer v. State*, 868 N.E.2d 482, 490-491 (Ind.), *clarified on reh'g other grounds*, 875 N.E.2d 218 (Ind. 2007)).

[7] The sentencing range for a Level 2 felony is ten years to thirty years, with an advisory sentence of seventeen and one half years. Ind. Code § 35-50-2-4.5 (2018). And the sentencing range for a Level 3 felony is three years to sixteen years, with an advisory sentence of nine years. I.C. § 35-50-2-5. Here, at sentencing, the trial court identified the following aggravators: Freeman's criminal history, which consists of five felonies, including possession of a handgun with obliterated identification marks, and twelve misdemeanors, including five convictions for resisting law enforcement; the facts and circumstances of the offenses, including the presence of a small child with drugs in the home; Freeman's failure to take advantage of several opportunities with alternative sentencing; and that Freeman was on home detention at the time of the offenses. The trial court identified no mitigators and imposed an aggregate twenty-five-year sentence with twenty years executed and five years suspended.

[8] Freeman asserts that, "by not making mention of any mitigation [sic] factors that were both significant and clearly recorded in the record, the trial court abused its discretion in sentencing." Appellant's Br. at 17. Freeman maintains that the trial court should have found mitigating that: he was "trying to better

his situation" by having obtained "Specialized Driving Privileges prior to his arrest in this case"; he has community and family support; he was employed full-time at the time of the offenses; and the facts and circumstances of the offenses "were no greater than the elements of the particular offense[s]." *Id.* at 16.

[9] The finding of mitigating circumstances is within the discretion of the trial court. *Rascoe v. State*, 736 N.E.2d 246, 248-49 (Ind. 2000). An allegation that the trial court failed to identify or find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Id.* at 249. The trial court is not obligated to accept the defendant's contentions as to what constitutes a mitigating circumstance. *Id.*

[10] We agree with the State that none of the proffered mitigators are significant in light of Freeman's extensive criminal history, his inability to take advantage of multiple prior attempts at alternative sentencing, and the nature and circumstances of these offenses. Again, Freeman was on home detention at the time of the offenses, and he kept a very large amount of methamphetamine in the residence in the presence of his girlfriend's small child. We cannot say that the trial court abused its discretion when it declined to identify any mitigators.

### Issue Two: Inappropriateness of Sentence

[11] Freeman also contends that his twenty-five-year aggregate sentence, with five years suspended, is inappropriate in light of the nature of the offenses and his

character. Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." This Court has recently held that "[t]he advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed." *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017). And the Indiana Supreme Court has explained that:

> The principal role of appellate review should be to attempt to leaven the outliers . . . but not achieve a perceived "correct" result in each case. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Defendant has the burden to persuade us that the sentence imposed by the trial court is inappropriate. [*Anglemyer*, 868 N.E.2d at 494].

*Shoun v. State*, 67 N.E.3d 635, 642 (Ind. 2017) (omission in original).

[12]     Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell*, 895 N.E.2d at 1222. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless

overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[13]  Freeman asserts that his sentence is inappropriate in light of the nature of the offenses because the nature and circumstances "were no greater than the actual elements of the particular offense[s]" and there was no violence or actual dealing involved. Appellant's Br. at 19. However, again, Freeman was on home detention at the time of the offenses and kept a large amount of methamphetamine and morphine in the residence in the presence of a small child. Indeed, Freeman possessed more than twelve times the amount of methamphetamine required to prove dealing in methamphetamine as a Level 2 felony. *See* I.C. § 35-48-4-1.1(e). We cannot say that Freeman's sentence is inappropriate in light of the nature of the offenses.

[14]  Freeman contends that his sentence is inappropriate in light of his character because of the "positive changes" he has made in his life, his family support, and his employment and support of his minor child. *Id.* at 18. However, as the trial court observed, Freeman's criminal history is significant given the number of felony and misdemeanor convictions, including five misdemeanor convictions for resisting law enforcement and a felony conviction for possession of a handgun with obliterated identification marks. Moreover, Freeman has been given many opportunities to avoid incarceration in the past with alternative sentencing, but he continued to commit crimes, which does not

reflect a good character. Finally, and most importantly, Freeman committed the instant crimes while on home detention. We cannot say that Freeman's aggregate sentence of twenty-five years with five years suspended is inappropriate in light of the nature of the offenses and his character.

[15] Affirmed.

Baker, J., and Robb, J., concur.